# OTIS L. WHEELOCK

*v.*

# ELIAS KOST *et al.*

1. NATIONAL BANKS—*who liable as stockholders.* Primarily, a creditor of a national bank may proceed against the party in whom the legal title to the stock is vested. Where shares of stock in a banking corporation have been hypothecated, and placed in the hands of the transferree, he will be subjected to all the liabilities of ordinary owners, for the reason the property is in his name, and the legal ownership appears to be in him.

2. Thus, where a party made a loan to a national bank, and made his promissory note, partly as an accommodation to the bank, to be held

among their other assets, and fifty shares of its stock, equal in value to $5000, were issued to him, as security for his loans, and as indemnity against liability on his note, it was *held*, that he was liable to the creditors of the bank as a stockholder, whatever might be his relation to the corporators of the bank.

3. SAME—*extent of stockholders' liability.* Where a decree on creditors' bill is taken against a stockholder of a national bank, on the basis his shares of stock bear to the whole stock of the bank, there will be no error.

4. ESTOPPEL—*to deny legality of incorporation.* A stockholder of a banking corporation which is a corporation *de facto*, who participates in its transactions and receives dividends, will, by such acts, be estopped to insist, when sued by its creditors, that the corporation was not legal. Whether the bank has been regularly organized or not, is not a defense that can be availed of by a stockholder as against a *bona fide* creditor, if it appears there was a corporation *de facto*.

5. INSOLVENCY—*evidence of.* To prove the insolvency of a banking corporation, no better evidence need be produced than a return of *nulla bona*, made by the sheriff upon executions issued against the bank.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

This was a creditors' bill, filed by Elias Kost and others, creditors of the First National Bank of Decatur, against Otis L. Wheelock and others, stockholders of such bank. The opinion of the court states the material facts of the case. Otis L. Wheelock alone appealed from the decree below..

Messrs. CREA & EWING, for the appellant.

Messrs. PARK & LEE, and Messrs. NELSON & ROBY, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was to compel parties, alleged to be stockholders in the First National Bank of Decatur, to pay certain judgments previously obtained against the bank. On the 16th day of February, 1870, the bank ceased to do a general banking business, and, it is alleged, it became insolvent. Execu-

tions, issued on the several judgments obtained by the creditors of the bank, were returned *nulla bona.*

Whether appellant was a stockholder in the bank at the date it ceased to do business and became insolvent, is a question that lies at the foundation of the relief sought, and must be first determined.

Briefly, the facts are: that appellant made some loans of money to the bank, and made and delivered to it his promissory note, partly as an accommodation, to be held among its other assets. It was agreed that fifty shares of stock in the bank, equal in value to $5000, should be issued to appellant, as collateral security for the loans of money so made, and as indemnity against liability on his promissory note held by the bank. That number of shares was in fact issued, and delivered to appellant, and certificates to that effect given, upon which he received, at different times, semi-annual dividends.

Whatever relation appellant may have sustained to the corporators of the bank, it seems clear that, as to its creditors. he occupied the position of a stockholder, and must bear all the burdens that relation imposed. The stock had in fact been transferred to him; it stood in his name as owner, and he availed of the dividends it earned. Having voluntarily assumed the relation of stockholder, it makes no difference he may have done it with a view to assist the bank in its credit or otherwise. The legal title to the stock was in appellant by his own procurement, although the equitable title may have been in other parties; but it would be a singular doctrine to hold that the creditor should seek out the equitable owner against whom to enforce his claim. Primarily, he may proceed against the party in whom is the legal title to the stock. Where shares of stock in a banking incorporation have been hypothecated. and placed in the name of the transferree, he will be subjected to all the liabilities of ordinary owners. It is for the reason the property is in his name, and the legal ownership appears to be in him. Morse

on Banking, 432; *Adderly* v. *Storm*, 6 Hill, 624; *In re Empire City Bank*, 18 N. Y. 199.

It being determined appellant is a stockholder, he can not be permitted to urge, as defense, that the bank was not legally incorporated under the general banking laws. Having participated in the acts of user of a corporation *de facto.* a stockholder therein will, by such acts. be estopped to insist the corporation was not legal. when it is sought to enforce any liability he may have incurred. By the receipt of dividends on the shares of stock held by him, appellant participated in the transactions of the corporation. Whether the bank had been regularly organized, is not a defense that can be availed of by a stockholder as against a *bona fide* creditor. if it appears there was a corporation *de facto*, and that such stockholder was concerned in its transactions.

The allegation in the bill is, the bank was insolvent. Assuming it was obligatory upon complainants to make proof of this fact, no better evidence need be produced than a return of *nulla bona,* made by the sheriff upon the several executions issued against the property of the bank. This was done in this case, and it is sufficient to authorize proceedings by a creditor of the bank against an individual stockholder. Morse on Banks, 434.

Our conclusion being that appellant is liable as a stockholder in the bank, one other question remains to be considered, viz: was the decree against him for too large a sum?

It is alleged. the several parties made defendants each owned a certain number of shares in the bank, of the par value of $100 each. The total number of shares, comprising the entire stock of the bank, is conceded to be one thousand. Of this number, it is charged appellant owned fifty shares. That is the number of shares hypothecated to him, and that stood in his name, as we have seen.

By the 12th section of the National Currency Act, the shareholders are "individually responsible, equally and ratably, and not one for another, for all contracts, debts and

engagements, to the extent of their stock therein, at the par value thereof, in addition to the amount invested in such shares." Act of June 3, 1864.

The bill seems to have been dismissed as to the heirs of some of the deceased shareholders. The court found the number of shares held by the remaining defendants was nine hundred and sixty, which, added to the number owned by parties dismissed out of the case, makes a total of one thousand shares. As we understand the decree, the assessment was made upon the basis the entire stock of the bank consisted of one thousand shares. Appellant was treated as being the owner of fifty shares, in ascertaining the amount of the decree to be rendered against him. The mode adopted would only charge him with his just proportion of the debts of the bank, in·proportion to the number of shares of stock standing in his name. It seems the mode adopted for making the assessments against the individual shareholders leaves out of view the fact that some of the share owners were insolvent, and other shares were owned by unknown heirs, against whom complainants did not choose to proceed.

Under the law, each individual shareholder is bound equally and ratably for the contracts, debts and engagements of the bank, in proportion to the par value of his stock, in addition to the amount invested in such shares, but no liability rests upon him for his fellow-shareholders.

So far as the decree affects appellant, we do not understand it is different from what it would have been had the decree passed against all of the shareholders, whether solvent or not, and each adjudged to pay his ratable proportion.

The case of *Pollard* v. *Bailey.* 20 Wall. 520. is analogous to the one at bar, and is authority for the view of the law we have adopted.

No error appearing in the record, the decree of the circuit court will be affirmed.

*Decree affirmed.*

Mr. CHIEF JUSTICE WALKER and Mr. JUSTICE CRAIG: We are unable to concur in the decision reached in this case by the majority of the court.