## LEWIS v. SWITZ.

### (Circuit Court, D. Nebraska. May 7, 1896.)

NATIONAL BANKS— STOCKHOLDERS—LIABILITY FOR ASSESSMENTS.

One who knowingly permits his name to be entered, upon the stock books of a national bank, as the owner, individually, of stock therein, cannot be permitted, as against creditors, or a receiver of the bank representing them, to show that he was not the owner of the stock; and he is liable for an assessment thereon, though he held the stock, in fact, as trustee for the bank itself.

Action to recover assessment upon shares of national bank stock. Submitted on demurrer to answer.

Dryden & Main, for plaintiff.

F. G. Hamer, for defendant.

SHIRAS, District Judge. The plaintiff herein, as receiver of the Buffalo National Bank, seeks to recover judgment against the defendant for the amount of an assessment, levied by the comptroller of the currency, upon the shares of stock held in said bank; it being averred in the petition that the defendant is the owner of 50 shares of the capital stock of the bank, of the par value of $100 per share. The defendant, answering said petition, avers, in substance, that he is not in fact the owner of any shares in said bank; that one Hamer was formerly the owner of the shares; that he had become indebted to the bank; that the president of the bank came to defendant, and stated that the only chance the bank had to protect itself from loss by reason of the debt due the bank from Hamer was to purchase the shares of stock and give him credit on the purchase price for the indebtedness due the bank; that he, on behalf of the bank, desired the defendant to take the shares of stock in trust for the bank, and for its benefit; that defendant agreed to act as trustee in the manner stated, and in pursuance of this arrangement Hamer surrendered the shares held by him, and new certificates therefor were issued in the name of the defendant; that by a written agreement to that effect he (the defendant) holds the shares in fact as a trustee for the bank, and not in his own right, nor for his own benefit. To this answer

plaintiff demurs, on the ground that the facts set forth in the answer do not constitute a defense to the action.

The demurrer to the answer admits the fact to be that the defendant is not the actual owner of the shares of stock standing in his name, but that he holds the same as a trustee for the bank. Section 5152 of the Revised Statutes expressly enacts that "persons holding stock as executors, administrators, guardians or trustees, shall not be personally subject to any liabilities as stockholders." If, therefore, when the new certificates of stock were issued to the defendant, it had been made to appear upon the books of the bank that the defendant took the same, not in his own right, but as a trustee, he could not be held personally liable thereon. The averments of the answer show, however, that the character in which the defendant took the stock was not made to appear upon the bank records; but, on the contrary, the certificates were issued to him in his own name, and upon the books of the bank he was carried as the owner, in fact, of the stock. The general rule is well settled that, if a person knowingly permits his name to be entered upon the stock books of a national bank as the owner of stock therein, he cannot be permitted, as against creditors, to show that, in fact, he was not the owner. Thomp. Corp. §§ 3192–3194; Welles v. Larrabee, 36 Fed. 866; Finn v. Brown, 142 U. S. 56, 12 Sup. Ct. 136. The averments in the answer filed in this case show that the defendant consented to the transfer of the shares of stock to himself. He knew that the new certificates were issued in his own name, and he did not cause the books to show that he held the stock, not in his own right, but as a trustee only. Under these circumstances he is liable to creditors, represented by the receiver, for the assessment levied on the stock. Demurrer sustained.