## Charles F. Morse et al. v. The Pacific Railway Company, F. B. Sherwood et al.

93      33
a195s   112
195s    115

1. CONSTRUCTION OF STATUTES—*Section 23 of the Act Concerning Corporations.*—In the enactment of section 23 of chapter 32 R. S., entitled "An act concerning corporations" relating to persons holding stock in corporations, it was not the intention of the legislature to enable parties to perpetrate frauds by means of secret or concealed trusts.

2. STOCKHOLDERS—*When the Liability is Contractual.*—Under section 23 of chapter 32, R. S., providing that each stockholder shall be liable for the debts of the corporation to the extent of the amount that may remain unpaid upon his stock, and may be required to pay his *pro rata* share of the debts of such corporation to the extent of the unpaid portion of his stock, after exhausting the assets of such corporation, the liability of such stockholder is contractual.

3. SAME—*Liability and Remedies of.*—A legal holder of stock in an incorporated company is liable to the creditors of the company, where its assets are exhausted, even though he is not the equitable owner of such stock, but he is not without a remedy. He may recover from the equitable owner such sums as he may have been required to pay by reason of his being the legal holder of the stock.

4. SAME—*Evidence of the Holding and Liability.*—Where a person appears by the certificate held by him and upon the books and records of the company as being personally and in his own right a stockholder in the company, he is to be held liable as such.

5. INTEREST—*On Money Decrees.*—Where a decree for the payment of money provides that unless the same is paid within thirty days after its entry, interest shall be charged thereon after the expiration of such time, the allowance of interest as provided by the decree is proper.

**Bill to Enforce the Liability of Stockholders.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1900. Reversed and judgment entered in this court.   Opinion filed January 15, 1901.

WALKER & PAYNE, attorneys for appellants.

JOHN H. BRADLEY, attorney for appellees.

MR. JUSTICE HORTON delivered the opinion of the court.

For a statement of the general facts in this case. reference is made to the opinion filed herewith in the case of these appellants v. Gillette, *ante*, page 23.   The appellee F. B. Sherwood, contends that he held the stock of the Pacific Railway Co., upon which it is here sought to hold him personally liable, as trustee for his brother, W. W. Sherwood, a resident of California, and that he (the appellee) is therefore not personally liable.   That question was referred to a master in chancery "to ascertain and report his conclusions." The master reported as his conclusion that appellee Sherwood is liable upon said stock in the sum of $10,200.   To the master's report appellees filed exceptions, which were sustained by the court and a final decree entered dismissing said bill as to the appellee Sherwood for want of equity. From the entry of said decree said receiver prayed and perfected this appeal to this court.

The appellee Sherwood does not in his exceptions, neither do the appellants in their assignment of errors, make any objection to, or in anywise criticise, the finding of facts reported by the master.   We therefore accept such finding of facts as correct, which is, with the conclusions thereon of the master, as follows, viz.:

"I find from the evidence that on or about October 21, 1889, the Pacific Railway Company issued to the defendant, F. B. Sherwood, one hundred and fifty (150) shares of its

capital stock of the par value of $100 a share, as per certificate No. 154 in evidence. That prior thereto, W. W. Sherwood, a resident of the State of California, and a brother of the said F. W. Sherwood, purchased one hundred and fifty (150) shares of the capital stock of the Los Angeles Cable Railway Company of the par value of $100 a share, as per certificate No. 285 in evidence.

"That said W. W. Sherwood, through his brother, F. B. Sherwood, borrowed upon said last mentioned stock $4,500 from J. R. Winterbotham. That upon the organization of the Pacific Railway Company, said F. B. Sherwood, under instructions of his brother, W. W. Sherwood, exchanged said Los Angeles Cable Railway stock for said one hundred and fifty (150) shares of Pacific Railway Company stock, and had said stock issued and delivered to him, the said F. B. Sherwood, by that name, instead of to W. W. Sherwood at the request of the latter, and of said Winterbotham.

"That said certificate No. 154 was duly assigned to said Winterbotham and held by him until the said loan of $4,500 was paid, when it was returned to the said F. B. Sherwood, who has since retained the same. '

"That said F. B. Sherwood acted for his said brother in the purchase of the one hundred and fifty (150) shares of stock of the Los Angeles Cable Railway Company.

"It is contended by F. B. Sherwood that he holds the one hundred and fifty (150) shares of the Pacific Railway Company stock as trustee for his brother, and that he is a trustee within the meaning of section 23, chapter 32 of the statutes in force July 1, 1872, and therefore can not be charged as a stockholder, and has no funds in his hands to be charged with the said liability.

"My conclusion is, that while it is true from the evidence that as between the said Sherwoods, F. B. Sherwood holds said stock in trust for W. W. Sherwood, yet said stock was not issued to F. B. Sherwood as a trustee, nor impressed with any visible marks of a trust. That he is not a trustee within the meaning or spirit of said section 23 of chapter 32 above referred to. That so far as creditors are concerned he is an absolute stockholder, subject to all liabilities of a stockholder, and can not be permitted to set up a private and secret trust that may exist between him and his brother to defeat his liability as a stockholder in this cause in favor of the creditors of said company.

"I therefore conclude that F. B. Sherwood is liable upon said one hundred and fifty (150) shares of Pacific Railway Company stock in the sum of $68 a share, making his total indebtedness thereon the sum of $10,200."

As stated by counsel for appellees, " the case involves the construction of the statute concerning corporations " (R. S. of Ill., Ch. 32), and especially section 23 of that chapter which relates to exemption from personal liability. Counsel for appellees also states that " there is no other question involved." We shall consider no other question.

Said section 23 is as follows :

" No person holding stock in any corporation, as executor, administrator, conservator, guardian or trustee, and no person holding such stock as collateral security shall be personally subject to any liablility as stockholder of such corporation; but the person pledging such stock shall be considered as holding the same, and shall be liable as a stockholder accordingly, and the estate and funds in the hands of such executor, administrator, conservator, guardian or trustee, shall be liable in like manner and to the same extent as the testator or intestate, or the ward or person interested in such trust fund would have been, if he had been living and had been competent to act, and held the stock in his own name."

There is no question but what the legal title to said stock was in the appellee F. B. Sherwood. The name of W. W. Sherwood does not appear upon the certificate of stock or upon the stock register of the Pacific Railway Company, neither does it appear that that company or its stockholders or creditors had any notice that the appellee Sherwood held or claimed to hold such stock as trustee. Not only was that stock issued to appellee personally, but so far as appears from the records of said company or of said stock certificate, the same was received, held and owned by the appellee Sherwood in his own right. There was nothing tending to show the contrary.

The construction of said section 23 contended for by counsel for appellees is that where " the relation (of trustee) " shall exist in fact " it may be shown by parol evidence, and when shown, the party thus holding the stock shall be exempt from all liability on account thereof.

That contention we can not sustain. Certainly the legislature did not intend to aid parties to perpetrate fraud by means of a secret or concealed trust. (We do not intend to

intimate, or wish it to be considered, that the court is of opinion that these parties sought to perpetrate a fraud.) It does not necessarily follow that a secret or concealed trust is fraudulent. Counsel, referring to the trust in question, says : " It is a resulting or implied trust, not a secret one." A resulting or an implied trust may be a " secret " trust in the sense in which we use the word " secret."

In the view we entertain of this case it is not necessary to pass upon the question of the admissibility of parol proof to show that a trust existed. Such proof was admitted and is considered.

It is conceded that at common law a trustee is liable. But it is argued on behalf of appellees that under said section 23 he is not liable.

And counsel for appellee contends that the liability of stockholders in the Pacific Railway Co. is not contractual but statutory. In section 8 of the act (Rev. Stat., Ch. 32) under which said company is organized, it is provided that " each stockholder shall be liable for the debts of the corporation to the extent of the amount that may be unpaid upon the stock held by him." And in section 25 it is provided that " each stockholder may be required to pay his *pro rata* share of such debts or liabilities to the extent of the unpaid portion of his stock after exhausting the assets of such corporation." · The liability of the stockholders in said company is, in the opinion of this court, contractual. Hawthorne v. Calef, 2 Wall. 10, 22; Flash v. Conn, 109 U. S. 371, 377; 3 Thomp. on Corp., Secs. 3018, 3193, 3194.

The appellee, being the legal holder of the stock referred to, is liable to the creditors of the company, where its assets are exhausted, even though he is not the equitable owner of such stock. Winston v. Dorsett Pipe Co., 129 Ill. 64, 70; 3 Morawetz on Corp., Sec. 853; Nat. Bk. v. Case, 99 U. S. 631.

Such a stockholder is not without a remedy. He may recover from the equitable owner such sums as the former may have been required to pay by reason of his being the legal holder of such stock. 1 Cook on Stock and Stockholders, 245-6.

Counsel for appellees relies mainly upon the case of Burgess v. Seligman, 107 U. S. 20. In that case Burgess, a judgment creditor of the Memphis, etc., R. R. Co., brought suit against the Seligmans to charge them as stockholders in that company under the statute of Missouri. That statute is very similar to the Illinois statute. The records of the railroad company show the following action by the directors, viz:

"It is ordered by the board of directors that, in making negotiations for money with J. & W. Seligman & Co., certificates for a majority of the capital stock of this company be issued to the said J. & W. Seligman & Co., to hold in trust for the period of twelve months, and that such certificates be signed by the president and secretary, with the corporate seal of this company affixed."

In the stock book and stock transfer book of the railroad company, which the law required to be kept, it was stated that the stock standing in the name of the Seligmans was "held in escrow" by them.

It thus appears upon the records and books of the railroad company that the Seligmans were not the owners of the stock of that company held by them, but that it was issued to them as pledgees, or as trustees, to secure the payment of debts of the railroad company. Creditors could not have been misled, or have believed that the Seligmans were personally, and in their own right, stockholders. The language of Mr. Justice Bradley, speaking for the court, must be taken and understood as applying to the facts before that court. He says (p. 27):

"Upon a careful examination of the facts found in this case, we do not see how a reasonable doubt can exist that the Seligmans held the stock in question as trustees and custodians, by way of collateral security for themselves and the purchasers of the bonds. That was clearly the intent of the parties, declared in almost so many words; and that intent must prevail, unless, by some inadvertence in carrying it out, the Seligmans have been unwittingly caught in some legal snare of which the creditors can take advantage."

Appellee Sherwood appears, by the certificate held by him, and upon the books and records of the railway com-

pany, as being personally, and in his own right, a stock-holder in that company. He must be held to be liable as such. 3 Thomp. on Corp., Secs. 3194 and 3197; Stover v. Flack, 30 N. Y. 64; Wells v. Larrabee, 36 Fed. Rep. 868; National Bank v. Case, 99 U. S. 631; Wheelock v. Kost, 77 Ill. 296.

The decree fixing the liability of stockholders at $68 per share was entered July 1, 1898, and provides that unless the same is paid within thirty days after the entry of such decree, that interest shall be charged thereon at the rate of five per cent per annum after the expiration of said thirty days, *i. e.*, from August 1, 1898. We have considered the arguments of counsel upon the question of interest, and are of the opinion that it should be allowed as provided by such decree.

The judgment of the Circuit Court will be reversed, but as there is no question as to the amount, judgment will be entered in this court for the sum of $10,200, with interest thereon from August 1, 1898, at the rate of five per cent per annum. Reversed, and judgment in this court.