## GAMBLE v. CUMBERLAND COLLEGE.

District Court, E. D. Kentucky.
Jan. 6, 1933.

Willis W. Reeves, of Hazard, Ky., for Joseph A. Gamble.

Tye, Siler, Gillis & Siler, of Williamsburg, Ky., for Cumberland College.

ANDREW M. J. COCHRAN, District Judge.

This suit is before me on plaintiff's motion to strike out the answer of the defendant. It is a suit in equity seeking to recover an assessment of the par value of 100 shares of the capital stock of the City National Bank of Knoxville, Tenn., owned and held by the defendant amounting to $10,000. The bank was declared insolvent, and plaintiff was appointed its receiver by the Comptroller of the Currency on March 9, 1932. An assessment was made of the par value of all of its stock by the Comptroller March 29, 1932.

The answer contains seven paragraphs.

It admits that on the books of the bank at the time of the failure the defendant was registered as the owner of 100 shares of its capital stock. It acquired 50 shares April 1, 1912, by gift, and 50 shares by purchase March 1, 1929. The defendant was created a corporation under the name of Williamsburg Institute by an act of the Legislature approved April 6, 1888 (Loc. & Priv. Acts 1887–88, c. 896) which was amended by an Act approved May 14, 1890, chapter 1517, Loc. & Priv. Acts 1889–90. April 25, 1913, its name was changed to Cumberland College. The business of the corporation as provided by this legislation was that of the establishment and maintenance of an institution of learning at Williamsburg, Ky., in which was to be taught all the branches usually taught in colleges and other like institutions, and it was to be under the control of the trustees who were to be controlled in their action by the principles and doctrine of the denomination known as the Missionary Baptist.

But two defenses are set up in the seven paragraphs of the answer, which differ merely in the way the defenses are alleged. One is that the defendant had no power to acquire the stock. The other is that it owns and holds the property as a trustee.

■ On the question of power, it is not necessary to follow the reasoning of defendant and the authorities cited to support it. This is because it is evident that the defendant had express power to acquire the stock. It is empowered "to take and hold property of any sort by purchase, gift, bequest or devise." This is sufficient to cover the 50 shares of stock acquired by gift in 1912. It is further empowered to "make any investment of its funds from time to time which is authorized by law." This covers the acquisition of the 50 shares acquired by purchase in 1929. That purchase is also covered by the first provision. And the retention of the first 50 shares as an investment is also covered by the second. Something further should be said as to the second provision in elucidation of it. The investment of its funds thereby authorized is one that is "authorized by law." By this is meant that it has the same authority to invest its funds that a trustee has. By section 4706, Kentucky Statutes, it is provided that persons or corporations holding funds in a fiduciary capacity for loan or investment may "invest the same * * * in such other * * * dividend paying securities as are regarded by prudent business men as safe investments." By section 614, Kentucky Statutes, it is provided that the funds of a trust company "may be invested in such manner as the directors deem prudent and safe." In this state stocks of state and national banks in good standing have always been regarded as prudent and safe investments. Of course this notion has received quite a shock during the present depression, but it still stands. That such an investment is regarded as prudent and safe is recognized by legislation. By section 2223a-8 it is provided that investment companies may invest its reserve fund and capital stock in the "stock of any incorporated bank or trust company of this state and of the national banks of this state or of any other state in the United States." And by section 625 it is provided that the "capital stock and accumulations of all insurance corporations may be invested * * * in the stocks of incorporated state banks and trust companies and of national banks of this state and other states of the United States."

It is therefore evident that the acquisition and holding of the 100 shares of stock in question by the defendant was within its powers and lawful.

■ The other defense is based on section 66, title 12, USCA. The case does not come within that provision. The stock was not registered on the books of the bank in the name of the defendant as trustee but in its individual name. If it can be said that it held its property in trust, it was not a trustee within the meaning thereof. The trustees contemplated are similar to executors, administrators, and guardians, i. e., who hold for the use and benefit of definite cestuis que trustent.

A direct authority against this contention of defendant is to be found in the case of Davis v. First Baptist Society, Fed. Cas. No. 3633. None of the cases cited and relied on by the defendant are in point and need not be distinguished. Then, if it does come within that provision, this is a suit in equity, and defendant's assets can be subjected therein to the assessment.

The motion to strike is sustained.