YARDLEY v. WILGUS.

(Circuit Court, E. D. Pennsylvania. July 6, 1893.)

No. 188.

BANKS AND BANKING — NATIONAL BANKS — STOCKHOLDER'S LIABILITY — STOCK HELD IN NAME OF TRUSTEE.

A person who is entered on the books of a national bank as the owner of stock, but who is admitted to hold the stock in trust for the true owner, is not liable as a stockholder for the debts of the bank, when the true owner has been adjudged so liable, although nothing is realized upon the execution of such judgment.

At Law. Action by Robert M. Yardley, receiver of the Keystone National Bank, against George S. Wilgus, to enforce defendant's liability as a stockholder. Verdict was given for plaintiff, subject to the opinion of the court on a question reserved. Judgment for defendant.

Read & Pettit, for plaintiff.

Jos. H. Taulane and R. P. White, for defendant.

DALLAS, Circuit Judge. This action was brought to enforce the alleged individual liability of the defendant upon four shares of the stock of the Keystone National Bank standing in his name.

Upon the trial the following statement of the facts, to be accepted in lieu of evidence, was agreed upon and filed:

(1) That the books of the Keystone National Bank show defendant to be the owner of four shares of its capital stock.

(2) That assessment of $50 per share has been duly made upon said stock, payable on August 16, 1891, and defendant notified thereof, and payment demanded.

(3) That C. N. Shellenberger acknowledged himself to be the owner of said four shares, and the assessment due thereon was included in a judgment against him for $1,550.23 in this court.

(4) That said C. N. Shellenberger was and is in fact the true owner of said shares, and said George S. Wilgus was and is the holder thereof only in trust for said C. N. Shellenberger.

(5) That execution has been issued against said C. N. Shellenberger upon said judgment above mentioned, and duly returned, and nothing has been realized therefrom.

I directed the jury, upon this agreed state of facts, to find for the plaintiff for the amount claimed, subject to the point which was reserved,—whether the plaintiff was entitled to recover against the defendant Wilgus, in whose name the four shares in question stood upon the books of the bank, notwithstanding the facts admitted, viz. that C. N. Shellenberger was and is the true owner of said shares, and said George S. Wilgus was and is the holder thereof only in trust for said C. N. Shellenberger; and also that the assessment for which this action was brought against Wilgus had already been included in a judgment by the same plaintiff against C. N. Shellenberger, upon which judgment execution had been issued, and returned without anything being realized. A verdict was accordingly rendered for the plaintiff for $219.76, and the reserved point has now been argued upon defendant's motion for judgment in his favor notwithstanding the verdict.

Either Wilgus or Shellenberger could be held for this assessment, but not both of them. They cannot both be owners of the same stock. The statute (Rev. St. § 5151) attaches the liability only to "shareholders." Upon proof that Wilgus voluntarily appeared upon the books of the bank as a shareholder, he would be precluded (if that were the whole case) from asserting that he was not in fact a shareholder. On the other hand, in a suit against Shellenberger, upon proof that he was the actual owner, it would not avail him to show that the stock stood in the name of another. But here it is admitted that Wilgus is not a shareholder, and also that it has been judicially determined, at the suit of the plaintiff in this action, that Shellenberger is the real owner. Both by this admission and adjudication we have, therefore, the fact conclusively established that Wilgus is not a shareholder with respect to the shares in question; and it follows that he is not, under the statute, liable for the assessment now sought to be enforced against him.

Judgment will be entered for the defendant notwithstanding the verdict.