## BEAL v. ESSEX SAVINGS BANK.

(Circuit Court of Appeals, First Circuit. April 20, 1895.)

No. 129.

1. CORPORATIONS — WHO ARE "SHAREHOLDERS"—STOCK HELD AS COLLATERAL.
    A "shareholder" in a corporation, within Rev. St. §§ 5139, 5151, is one who has a proportionate interest in its assets, and is entitled to take part in its control and receive its dividends. In all essential particulars, he is distinguishable from one who holds shares of stock as collateral security for a loan.

2. NATIONAL BANKS—INSOLVENCY—LIABILITY TO ASSESSMENT ON STOCK.
    One who holds stock of an insolvent national bank as collateral security for a loan, which stock is registered upon the books of the bank in his name "as collateral," is not liable to assessment upon such shares under the statutory liability of shareholders.

In Error to the Circuit Court of the United States for the District of Massachusetts.

This was an action by Thomas P. Beal, receiver of the Maverick National Bank of Boston, against the Essex Savings Bank, to recover its proportionate amount of an assessment made upon the stockholders of the Maverick Bank by the comptroller of the currency, under Rev. St. § 5151. In the circuit court a judgment was rendered for defendant, and plaintiff brings error.

The stock in respect to which the assessment was made was held prior to April 9, 1884, by Asa P. Potter and Jonas H. French. On that day they borrowed from the defendant bank $50,000, and each of them transferred 175 shares of said stock to it, by an assignment in which it was described

as collateral. A single certificate for 350 shares was then issued to defendant, in the following form: "Be it known that Essex Savings Bank, Lawrence, Mass., as collateral, is entitled to 350 shares in the Maverick National Bank, transferable only at the bank by the said bank or its attorney." The language of the assignment from Potter and French to the bank was as follows: "For value received, I hereby sell, assign, and transfer to Essex Savings Bank, as collateral, of Lawrence, Mass., and assigns, 175 shares," etc.

Edward W. Hutchins and Henry Wheeler, for plaintiff in error.

George O. Shattuck and William A. Munroe, for defendant in error.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PUTNAM, Circuit Judge. Sections 5139 and 5151 of Revised Statutes, which are relied on by the appellant (complainant below), use throughout the word "shareholder," and avoid all such general expressions as "holder" or "owner" of stock. A "shareholder" in a corporation is one who has a proportionate interest in its assets, and is entitled to take part in its control and receive its dividends. In all essential particulars, he is distinguishable from a creditor of a shareholder. By the very root of the word, he is entitled to a present share in the assets of the corporation, and receives presently and immediately the benefits of the share, which the creditor does not, even if he holds corporate stock as security, because the creditor's rights in this respect are only contingent and remote. We are all of the opinion that, in the proper sense of the word "shareholder," one does not become such by merely making a loan on the security of the stock, no matter what formalities the transaction takes, provided only that it does not come in the form of an absolute transfer, so as to make the creditor the apparent legal and equitable owner. Even in this event, as between the creditor and the debtor, the debtor would remain the shareholder, because in equity, so long as he is not in default, he can control the apparent title of the creditor. It is true the creditor may thus put himself into the apparent position of a shareholder as against all the world except the debtor; yet even then he would not be really and equitably such. This view of the meaning of the word "shareholder" is strengthened by the expression contained in the early part of section 5151; namely, the words "in addition to the amount invested in such shares." The whole of this part of the section is as follows:

"The shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

Of course, these words are not a legislative declaration that no person is thus liable except one who has invested in the stock in the ordinary sense of the words; and other words might easily have been selected which would have expressed the legislative intent so far as it was necessary to be expressed. But the selection of these peculiar words by congress indicates that it had in mind the common and popular sense of the word "shareholder," as we have de-

fined it. The creditor of the shareholder does not invest in the stock, in any fair sense of the expression, until he has been compelled to accept full legal and equitable title to it towards the satisfaction of his debt. In the present case nothing has been done by the Essex Savings Bank, or by its consent, by which it was held out to be other than a mere creditor holding the stock as collateral, or by which it is in any sense estopped. As between itself and its debtors Potter and French, it clearly was not a shareholder, and it has done nothing to hold itself out to others as such.

It is a principle, recognized quite generally by the law, and outside of it, that one who may profit by the gains of an enterprise should bear its losses, rather than that they should fall on strangers; and the statute imposing a liability on the shareholders of national banks undoubtedly rests on this. But creditors of a shareholder cannot, as such, share the gains of stock which they hold only as security, and therefore there is no equity compelling them to share its losses. Any provision, to have that effect, should be expressed in unmistakable terms, before it can be accepted as conveying such legislative intent. We regard the tendency of the decisions of the supreme court and of other federal courts, including those cited in the opinion of the learned judge of the circuit court, as in this direction. Especially is this true of the expressions found in Bank v. Case, 99 U. S. 628, 631, which fully meet the Massachusetts decisions relied on by the appellant. We note also the interpretation given that decision in Bowden v. Johnson, 107 U. S. 251, 261, 2 Sup. Ct. 246. On the page last referred to, it is said that the supreme court, in Bank v. Case, defined, as one limit of the right to transfer so as to carry with it a shareholder's liabilities, "that the transfer must be out and out, or one really transferring the ownership as between the parties to it." It must be conceded that in none of these cases or expressions has the precise point at bar been settled, but they have a leaning towards the conclusion reached in the circuit court, with which we concur. The judgment of the circuit court is affirmed.