FIRST NAT. BANK OF CONCORD v. HAWKINS.

(Circuit Court of Appeals, First Circuit. March 5, 1897.)

No. 202.

1. NATIONAL BANKS—INSOLVENCY AND ASSESSMENT—ULTRA VIRES—ESTOPPEL.

A national bank which has purchased from a third party shares of stock in another national bank as an investment, and which appears on the books of the latter bank as a stockholder, is estopped, after the latter's failure, to deny liability to an assessment on the stock on the ground that its purchase thereof was ultra vires.

2. SAME—ASSESSMENT—NATURE OF LIABILITY.

The liability of a shareholder in a national bank to an assessment on his shares is not a contractual liability flowing from his acquisition of the shares, but a liability which arises by force of the statute authorizing the assessment.

In Error to the Circuit Court of the United States for the District of New Hampshire.

This was an action by Edward Hawkins, as receiver of the Indianapolis National Bank, against the First National Bank of Concord, to recover an assessment made by the comptroller of the currency upon certain shares of stock in the former bank, which were held by the latter as owner. In the circuit court a jury was waived

by stipulation in writing, and the case was tried to the court, which made a finding of facts, and rendered judgment for the plaintiff. The defendant has sued out this writ of error.

The finding of facts was in the following language:

"The plaintiff is receiver of the Indianapolis National Bank of Indianapolis, which bank was duly organized and authorized to do business as a national banking association. The bank was declared insolvent and ceased to do business on the 24th day of July, 1893. The plaintiff was duly appointed and qualified receiver of the bank on the 3d day of August, 1893, and took possession of the assets of the bank on the 8th day of the same month. The capital stock of the bank was 3,000 shares, of the par value of $100 each. On the 25th day of October, 1893, an assessment was ordered by the comptroller of $100 per share on the capital stock of the bank, to enforce the individual liability of shareholders, and an order made to pay such assessment on or before the 25th day of November, 1893, and the defendant was duly notified thereof. The defendant, being a national banking association, duly organized and authorized to do business at Concord, N. H., on the 21st day of May, 1889, with a portion of its surplus funds, purchased of a third party, authorized to hold and make sale, 100 shares of the stock of the Indianapolis National Bank, as an investment, and has ever since held the same as an investment. The defendant bank has appeared upon the books of the Indianapolis National Bank as a shareholder of 100 shares of its stock from the time of such purchase to the present time. During such holding the defendant bank received annual dividends declared by the Indianapolis bank prior to July, 1893. The defendant has not paid said assessment or any part thereof. The parties of record, through their counsel of record, having appeared before me in this, a jury-waived case, and having adduced their evidence, I find the facts above stated."

Reuben E. Walker and Frank S. Streeter, for plaintiff in error.
J. S. H. Frink, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. This case is based by the plaintiff in error on the proposition that it had no power under the law of its creation to acquire the stock of another national bank as an investment. It is not necessary for us to consider this proposition. It is settled that it had full power to loan on the stock as collateral, or to take it in settlement of a doubtful debt, and in either case, as incidental thereto, to cause the stock to be transferred into its own name absolutely, if it deemed it for its interest so to do. First Nat. Bank of Charlotte v. National Exch. Bank of Baltimore, 92 U. S. 122; Bank v. Case, 99 U. S. 628. Therefore, on the face of the transaction, no illegality appeared, and nothing to advise either the bank whose stock it acquired, or the existing or future creditors of that bank, or the comptroller of the currency, who was their quasi public representative, that the transaction was not within the scope of the unquestionable powers of the plaintiff in error. Under these circumstances, the entire trend of the law is that the plaintiff in error is estopped to deny its liability in this case. Chubb v. Upton, 95 U. S. 665; Pullman v. Upton, 96 U. S. 328, 330; Bank v. Case, 99 U. S. 628; Scovill v. Thayer, 105 U. S. 143, 149; Anderson v. Warehouse Co., 111 U. S. 479, 483, 4 Sup. Ct. 525. There might arise some exceptional instances where, for special reasons, this estoppel would not apply; as where stock had been issued in excess of the authorized limit (Scovill v. Thayer, ubi supra), or where, in

the cases represented by section 5152 of the Revised Statutes, there are no interests capable of binding themselves either by contract or estoppel, or where the substance of the transaction appears on its face, as in Beal v. Bank, decided by us and reported in 15 C. C. A. 128, and 67 Fed. 816, although the latter class is not strictly exceptional. But none of those special elements are found here. We have no need to reconcile Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, which arose on a statute of Missouri, as the decisions referred to by us apply directly to national banks, and come down to a later date.

The plaintiff in error maintains that the liability sought to be enforced here is merely contractual, flowing out of the acquisition of the stock in question and continuous upon it; so that, therefore, if the original investment was unauthorized, the liability, being still in fieri, cannot be enforced. But this does not correctly state the nature of the liability. There can be no substantial doubt that, whether the purchase of the stock was authorized or not, the plaintiff in error was, after its transfer, by the force of the transaction, its owner, and that no one else could stand as such. Under these circumstances, the liability sought to be enforced here arises by force of the statute, and is not contractual. Keyser v. Hitz, 133 U. S. 138, 151, 10 Sup. Ct. 290. Indeed, the expressions of the supreme court found in Bank v. Case, ubi supra, are so much in harmony with the rules deducible from the practical conclusions of that court in the cases to which we have referred, that we accept them as disposing of this suit. The court said, at page 633:

"There is nothing in the argument on behalf of the appellant that the bank was not authorized to make a loan with the stock of another bank pledged as collateral security. That is an ordinary mode of loaning, and there is nothing in the letter or spirit of the national banking act that prohibits it. But, if there were, the lender could not set up its own violation of law to escape the responsibility resulting from its illegal action."

The judgment of the circuit court is affirmed, with interest, and with the costs of this court to the defendant in error.