BAKER v. OLD NAT. BANK OF PROVIDENCE, R. I., et al.

(Circuit Court, D. Rhode Island. May 5, 1898.)

1. LIABILITY OF PLEDGEE OF BANK STOCK.
    A pledgee of national bank stock is not liable as a stockholder for assessments, except by estoppel.

2. PLEDGE OF BANK STOCK—ESTOPPEL.
    Where shares of an insolvent bank are registered on the books, "F. A. Cranston, Cashier Old National Bank, Providence, R. I.," the latter bank, in a suit by the receiver to hold it liable as a shareholder for assessments, is not estopped by the registry from setting up the fact that it holds the stock merely as a pledgee.

3. SAME.
    And the cashier, individually, is not estopped from avoiding liability on the same ground.

Edwards & Angell and A. S. Norton, for complainant.
Herbert Almy and James M. Gilrain, for respondents.

BROWN, District Judge. The complainant, as receiver of the Merchants' National Bank of Seattle, seeks to recover assessments made by the comptroller of the currency upon shareholders of said bank. Certain shares were registered in said bank as follows: "F. A. Cranston, Cashier Old National Bank, Providence, R. I." These shares had been transferred by Abram Barker as collateral security for a loan to Barker by the defendant the Old National Bank of

Providence, R. I.; Barker continuing to exercise all rights of pledgor. The interest of the Old National Bank in said shares being merely that of pledgee, it is not liable as a shareholder for assessments, unless by estoppel. Pauly v. Trust Co., 165 U. S. 606, 619, 17 Sup. Ct. 465; Anderson v. Warehouse Co., 111 U. S. 479–483, 4 Sup. Ct. 525; Beal v. Bank, 15 C. C. A. 128, 67 Fed. 816. Unless, by permitting the shares to stand upon the registry in the above form, the bank has held itself out as owner, so that, upon principles of fair dealing, it is estopped, as against creditors, from asserting that it was not in fact owner, there is no ground for holding the defendant bank liable. As the complainant contends, the present controversy is in effect between creditors and shareholders, and is a question of "holding forth." The contention that an entry in this form would convey to an inquiring creditor the impression that the bank was the actual owner of said shares seems to me unsound. Whether we apply the test suggested by the complainant, the impression made upon the mind of the average man of business experience, or the test of the impression upon the legal mind, a conclusion drawn from either test, that the defendant bank was the actual owner of the shares, seems an unwarrantable inference. On the contrary, though the name of the bank appended to the name of the cashier might be held to import that the Old National Bank was interested in some way, yet, by the face of the entry, the inquiring creditor is apprised that for some reason the bank does not desire to appear as the record owner. The bill itself alleges that the shares were so registered "because said the Old National Bank of Providence, Rhode Island, was unwilling to stand in its corporate name as a registered shareholder, and said shares were registered as aforesaid to avoid the liability imposed upon shareholders by the acts of congress." It is settled by Anderson v. Warehouse Co., 111 U. S. 479–485, 4 Sup. Ct. 525, that the defendant bank had a right, as pledgee, to avoid making itself liable as shareholder by causing the collateral to be transferred to a third person for its benefit. We should keep in mind that a transfer by way of pledge does not deprive the creditors of a bank of their right to resort to the actual owner of the stock. See Hubbell v. Houghton (decided by Judge Putnam in this circuit, April 26, 1898) 86 Fed. 547. It also should be observed that such notice as is afforded by the words "collateral," "in escrow," "trustee," or "agent," prevents an estoppel. Bank v. Harmon, 25 C. C. A. 214, 79 Fed. 891; Wells v. Larrabee, 36 Fed. 866; Burgess v. Seligman, 107 U. S. 27, 2 Sup. Ct. 10; Thurber v. Bank, 52 Fed. 513. The complainant's case rests, therefore, not upon the substantial grounds of actual contractual or statutory obligations of the defendant bank to the creditors of the Merchants' National Bank of Seattle, but upon an application of the doctrine of estoppel, and, as it would seem, upon a somewhat technical and arbitrary application of the doctrine.

The presumption that the creditors represented by this receiver have relied upon this registry, and have been prejudiced or influenced thereby, is surely somewhat strained. Ordinarily, an estop-

pel can be invoked only by one who can show an actual reliance upon the statement.

In Burgess v. Seligman, 107 U. S. 20, 2 Sup. Ct. 10, it was said:

"If the law declares that the stock held as collateral security shall not make the holder liable, surely it must be competent to show that it is so held. And, when this fact is once established, there is an end of the application of estoppel, unless it can be invoked by some party who has been specially misled by the conduct of the defendants."

In that case the statute expressly provided for the nonliability of holders of stock as collateral security. In the present case we have a statute which, according to the views of the supreme court in Pauly v. Trust Co., 165 U. S. 606, 17 Sup. Ct. 465, is in effect the same. It may be true that, upon a suit by a receiver in behalf of general creditors, it is impractical to go beyond the registry, or to make inquiry of each creditor as to his actual reliance upon the registry. If practical considerations require in the present case that we should supply by a presumption a necessary element of estoppel, to wit, actual reliance upon the statement, we should at least insist that the registry upon which the presumption is based should be clear and unambiguous. The complainant should not be permitted to build his case upon the successive assumptions—First, that the creditor knew of the registry; and, second, that, of two constructions thereof, he relied upon that most favorable to himself. On the contrary, unless the record has prima facie but one meaning, we should hold the creditor to the duty of actual inquiry. He is not even presumptively entitled to rely upon an ambiguous registry. Prima facie uncertainty is equivalent to notice and raises the duty of inquiry. So far as the case against the bank is concerned, I am of the opinion that the registry might well be considered an express statement that the defendant bank was not the actual owner of the stock, and, if not, that at least it is ambiguous, and does not estop the bank from showing the character of its actual interest in the shares. This appearing to be merely that of a pledgee, the bank is not liable. The quotation from Anderson v. Warehouse Co., 111 U. S. 479–485, 4 Sup. Ct. 525, does not, in my opinion, warrant the inference of complainant's counsel that the registry of stock in the name of Henry, president, was regarded by the supreme court as sufficient to hold the corporation as a shareholder. The opinion expressly states that this fact was regarded under the circumstances of that case as of no importance.

Considering next the claim that, if the bank is not liable, the defendant Cranston, its cashier, must be held personally liable, this does not seem a necessary alternative. The creditor, who, by legal fiction or presumption, is held to rely upon the form of the registry of the shares, must also be held to possess the knowledge that the defendant bank has only incidental powers to hold stock in another national bank. "No express power to acquire the stock of another corporation is conferred upon a national bank; but it has been held that, as incidental to the power to loan money on personal security, a bank may, in the usual course of doing such business, accept stock of another corporation as collateral; and, by the enforcement of its rights as pledgee, it may become the

owner of the collateral, and be subject to liability as other stockholders. Bank v. Case, 99 U. S. 628. So, also, a national bank may be conceded to possess the incidental power of accepting in good faith stock of another corporation as security for a previous indebtedness. It is clear, however, that a national bank does not possess the power to deal in stocks. The prohibition is implied from the failure to grant the power. First Nat. Bank v. National Exch. Bank, 92 U. S. 122, 126." Bank v. Kennedy, 167 U. S. 362, 367, 17 Sup. Ct. 831.

Having declined to follow the argument of the complainant to the extent of holding that the registry showed that the bank was the owner (which argument, if adopted, would, of course, release Cranston from individual liability), and holding that the registry indicated, at most, that the bank had some special or qualified interest in the stock, we should consistently hold to the same view when we approach the question of the personal liability of Cranston. If the creditor is to rely upon the registry, he must read the whole of it. If it is ambiguous, and fails to indicate with certainty either Cranston or the bank as actual owner, he cannot invoke an estoppel; he must inquire or take the facts as they are. As we cannot ignore the words "F. A. Cranston," so we cannot ignore the words "Cashier Old National Bank, Providence, R. I." In Mechanics' Bank of Alexandria v. Bank of Columbia, 5 Wheat. 326, the question was whether an act was done by the cashier in his official or individual capacity; a check being signed, "Wm. Paton, Jr." The court said: "It is enough * * * that there existed on the face of the paper circumstances from which it might reasonably be inferred that it was either one or the other." This should apply with especial force when the question is one of estoppel. See, also, Falk v. Moebs, 127 U. S. 597, 605, 8 Sup. Ct. 1319. In the present case there is much force in the argument that the inquiring creditor was fairly apprised by the entry of the actual nature of the holding. Both cashier and bank were apparently concerned in the stock. The bank could take only incidentally. It had manifestly not perfected a title. Therefore its interest in the stock must be as a security, and Cranston, its cashier, was presumably a proper person to whom to make a transfer by way of collateral security. Without finding it necessary to decide upon this contention, and not acceding to the request of the defendants' counsel that the court should take judicial notice of a general custom of national banks to take collateral security in the names of their cashiers, I am of the opinion that neither Cranston nor the bank is a shareholder or liable as a shareholder, within the meaning of the statute, and that neither is estopped by the registry from showing the actual nature of the holding. As the bill seeks to charge the other defendants both as executors and trustees, and as the answer discloses the existence of persons directly interested who are not made parties hereto, a decision upon this branch of the case is reserved until all persons in interest are brought before the court. The plea of the Old National Bank of Providence, R. I., and Francis A. Cranston, is allowed.