## LUCAS v. COE.

(Circuit Court, N. D. New York. May 11, 1898.)

1. ATTACK OF INSOLVENT NATIONAL BANK — TRUSTEE — LIABILITY FOR ASSESSMENTS.

A trustee, though not appointed by a will or an order of a court or judge, is not personally liable for assessments against stock of an insolvent national bank owned by this cestui que trust, but standing in his name, where he has been guilty of no fraud, concealment, or negligence.

2. SAME—FIXING LIABILITY—REAL AND APPARENT OWNER.

In fixing the liability for assessments against stock of an insolvent national bank, the effort of the court should be to ascertain who is the actual owner, and to hold him, releasing the apparent owner, if he has done nothing to deceive or mislead.

Fred W. Noyes, for plaintiff.
R. J. Fish, for defendant.

COXE, District Judge. The plaintiff is the receiver of the Marine National Bank of Duluth, and brings this suit to recover of the defendant an assessment of 78 per centum upon the par value of eight shares of the capital stock of the bank alleged to be owned by the defendant. The capital stock of the bank was originally $250,000. In 1894 it was reduced to $200,000.

On October 6, 1890, the defendant, as trustee of E. Emmons Coe Hamlin, who was an infant of tender years and a grandson of the defendant, subscribed for five shares of the capital stock of the bank and received a certificate running to "E. Emmons Coe, as trustee for E. Emmons Coe Hamlin." When the stock was reduced this certificate was returned to the bank and a new one for four shares substituted running to the defendant "as trustee" merely. The officers of the bank were advised that he held this stock as trustee precisely as in the surrendered certificate. The omission of the words "for E. Emmons Coe Hamlin" was their work and not the work of the defendant. Being done by them without his knowledge, consent or suggestion it did not change the legal status of the parties. On the same day that he subscribed for the stock as trustee he subscribed for five shares on his own account and received a certificate for five shares and, subsequently, a new certificate for four shares, running to him individually. In July, 1894, before the bank became insolvent, the defendant surrendered this certificate and received a new one in his name "as trustee," the name of the beneficiary not being mentioned in the certificate. The consideration for this transfer was $250 paid to the defendant by F. M. Hamlin, the father of E. Emmons Coe Hamlin, who purchased the stock for his infant son.

No question is raised as to the appointment of the plaintiff, the insolvency of the bank or the validity of the assessment. It is not pretended by the plaintiff that these transactions were fraudulent or made with intent to avoid liability on the part of the defendant. The defense is that the defendant was trustee of E. Emmons Coe Hamlin, the actual owner of the shares, and that he is, therefore, exempt from liability, under section 5152 of the Revised Statutes which provides that:

"Persons holding stock as executors, administrators, guardians or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

If, then, the defendant was the trustee for his grandson at the time the assessment was made it follows that he cannot be held personally liable. Some one was the legal owner of these shares; some one is liable to assessment. In the absence of all evidence of fraud or concealment, the true situation being fully understood on both sides, it is plain that he would be liable whose property paid for the stock and who was entitled to receive the dividends and proceeds in case the stock was sold. "One who may profit by the gains of an enterprise should bear its losses, rather than that they should fall on strangers; and the statute imposing a liability on the shareholders of national banks undoubtedly rests on this." Beal v. Bank, 15 C. C. A. 128, 67 Fed. 816.

The fact that the defendant is responsible and the cestui que trust presumably irresponsible is a matter of no moment. There is nothing requiring a shareholder in a national bank to be solvent and these shares may be held alike by the millionaire and the pauper. The question for the receiver in making an assessment is, who owns the shares, not who is best able to pay?

But it is argued that the section quoted refers only to a trustee appointed by a will or by the order of a court or judge. The statute does not so say and there can be no question that the relation of trustee and cestui que trust may exist without such formal action.

In Mabie v. Bailey, 95 N. Y. 206, it was held that a deposit of a sum of money in a bank by A. "in trust for" B., who was an infant, constituted a trust which was irrevocable so far as the trustee was concerned. Martin v. Funk, 75 N. Y. 134; Minor v. Rogers, 40 Conn. 512; Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256.

In the case at bar the father of the infant had in his possession a fund of $500, which had been contributed by various relations, the defendant among the rest. The father did not own this fund; he held it in trust for his infant son. When he handed it to the defendant and requested him to invest it for the infant in the same securities in which he invested his individual property there can be no doubt that the defendant held the fund, and the shares subsequently purchased, in trust for the infant. The shares were not the defendant's shares; this is manifest. The dividends were not his; if the shares had appreciated in value the surplus would

not have belonged to him.    Upon what theory of right should he be held responsible for the statutory liability, it being conceded that the officers of the bank had full knowledge of all the facts? If this were an action by the cestui que trust against the trustee for the negligent or wrongful disposition of the trust fund an entirely different principle would be involved.    The effort of the court in these cases should be to ascertain who is the actual owner of the shares and to hold him, releasing the apparent owner in all cases where he has done nothing to mislead or deceive the bank. In arriving at the true ownership the court is permitted to look beyond the books and papers and establish the truth by extrinsic evidence.

In Yardley v. Wilgus, 56 Fed. 965, the court assessed the actual owner although the stock appeared on the books of the bank in the name of another with nothing to show that it was held for the owner.

In Pauly v. Trust Co., 165 U. S. 606, 17 Sup. Ct. 465, the supreme court refused to enforce the receiver's assessment against one who held the shares "as pledgee," and in Anderson v. Warehouse Co., 111 U. S. 479, 4 Sup. Ct. 525, it was held that a pledgee might take the shares in the name of an irresponsible trustee for the express, and avowed purpose of escaping individual liability thereon.

As to the first transaction the plaintiff seems to have entertained the opinion, in accordance with the foregoing views, that the defendant was not liable.    On the 20th of July he writes to the defendant:

"E. Emmons Coe Hamlin, or you as trustee for him, or his estate, or his guardian, is liable for the assessment on the other four shares of stock standing in your name as trustee.    It seems that you originally took five shares of stock for yourself as trustee for E. Emmons Coe Hamlin, that you subsequently, when called upon to surrender one-fifth of the said stock, did so and received a new certificate running to yourself merely as trustee, but the officers of the bank were, of course, advised that you held this block of stock as trustee for E. Emmons Coe Hamlin."

He then requested the defendant to send the amount of the assessment upon the other four shares.

Regarding the July transaction the case would be very different if there were the slightest evidence that the transfer to the defendant as trustee was made with intent to avoid responsibility on his part, but there is not.    The proof shows that the transaction was a bona fide one throughout and that the defendant notified the bank officials who his beneficiary was.    The failure to insert his name in the certificate was their fault and not the fault of the defendant.    This being so the two transactions are, in principle, alike.

The authorities cited by the plaintiff proceed largely upon the theory that where a party, by his own act, appears upon the books of the bank as the individual owner of stock he should not be permitted to relieve himself from liability by proof that he holds the stock in a representative capacity.    The defendant here has been guilty of no concealment and no negligence and the court sees no reason why he should be compelled to pay a personal liability upon stock which stood in his name as trustee simply for the con-

venience of another, the transaction being such that he could reap no advantage and exercise over the stock no supervision, or control, except to receive and pay over the dividends to his grandson. The complaint is dismissed.