### ALDRICH v. McCLAINE.

(Circuit Court, D. Washington, W. D. December 21, 1899.)

NATIONAL BANKS—ACTIONS TO ENFORCE ASSESSMENT—LIMITATION.

Under the statute of limitations of Washington (2 Ballinger's Ann. Codes & St. §§ 4796–4805), an action against a stockholder of an insolvent national bank to recover an assessment must be brought within two years after such assessment has been made by the comptroller, and has become delinquent.

Action by the receiver of an insolvent national bank for the collection of a shareholder's assessment, pursuant to Rev. St. U. S. § 5151. Heard upon a demurrer to the complaint. Demurrer sustained.

Hudson & Holt, for plaintiff.
T. O. Abbott, for defendant.

HANFORD, District Judge. This is an action to collect an assessment ordered by the comptroller of the currency upon 25 shares of stock of the First National Bank of South Bend owned and held by the defendant at the time of the failure of the bank. The action was commenced more than two years, but less than three years, after the date specified in the order of the comptroller, upon which the assessment became due and payable. Upon the authority of the decision of the supreme court in the case of Campbell v. City of Haverhill, 155 U. S. 610–620, 15 Sup. Ct. 217, 39 L. Ed. 240, I hold that actions based upon liabilities created by the laws of the United States, in the absence of any provision fixing a limitation of time for commencing actions thereon in the law which creates the liability, must be commenced within the time limited by the statutes of the state, or such local statutes will constitute a bar. I have just decided, in the case of Aldrich v. Skinner (C. C.) 98 Fed. 375, that the cause of action which a receiver of an insolvent national bank has for the collection of an unpaid assessment against a shareholder under section 5151, Rev. St., must be deemed to have accrued at the time when the receiver for the first time has a complete right to commence an action; that is to say, the next day after the assessment becomes delinquent. The third subdivision of section 4800, 2 Ballinger's Ann. Codes & St. Wash., makes three years the limitation of time for commencing "* * * an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument." The word "liability" by itself is broad enough to comprehend a shareholder's contingent liability for the debts of a national bank, which the law imposes as an incident to ownership of bank stock; but as the word is associated in this subdivision of the statute with the words "contract," "express," "implied," and "written instrument," I consider that its meaning is restricted so that it stands only for a liability founded upon a contract, or arising out of the breach of a contract. Unless this is so, all actions to recover money, as damages or penalties, are comprehended in this subdivision, and yet it is plain that the legislature did not so intend; for the same section contains six other subdivisions, each specifying a different kind of action to enforce a liability, which must be commenced within the same period of three years. It is my opinion, therefore, that this case does not come within section 4800, fixing the three-years limitation, unless it is to be regarded as an action upon a contract. Furthermore, it seems to me that there is no contract, express or implied, or voluntary assumption of a liability on the part of the defendant, to pay this assessment. A contract must have parties. Two or more minds must meet so as to form an agreement. A promise to bind the promisor must be made to a promisee. A promise made to everybody lacks the element of mutuality essential to give it force as a binding obligation. Therefore I consider that the liability of a shareholder of a national bank to pay an amount equal to the par of his shares of stock is not contractual, but

is a conditional liability imposed by the law as an incident to owner-ship of bank stock. The right of creditors of an insolvent national bank to have the liability enforced for their benefit does not rest up-on any actual or constructive promise made to them by any or all of the shareholders to assume liability. At the time of becoming creditors they may not, and usually do not, know who owns the stock; and yet they are entitled to have the liability enforced, if the assets and resources of the bank are not sufficient to meet their demands, because the liability arises by force of the statute, and is not con-tractual. Bank v. Hawkins, 24 C. C. A. 444, 79 Fed. 51. It is my conclusion that this case comes within the provisions of section 4805, 2 Ballinger's Ann. Codes & St. Wash., and is barred because not commenced within two years after the cause of action accrued. De-murrer sustained.