### WILLIAMSON v. AMERICAN BANK.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1911.)

#### No. 984.

1. BANKS AND BANKING (§ 248*)—NATIONAL BANKS—INSOLVENCY—STOCKHOLDERS' LIABILITY.

Rev. St. § 5151 (U. S. Comp. St. 1901, p. 3465), providing that the owner of shares in a national banking association shall be liable to the amount of his stock for the debts of the bank, applies only to the actual owner of the stock, and not to a bona fide pledgee thereof as collateral security.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 913–915; Dec. Dig. § 248.*

Enforcement of statutory liability of stockholders in national banks, see note to Williamson v. American Bank, 52 C. C. A. 6.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2.** EVIDENCE (§ 459*)—NATIONAL BANKS—INSOLVENCY—OWNERSHIP OF SHARES —PAROL EVIDENCE.

Where shares in a national bank stood in the name of the cashier of defendant bank, but were held merely as pledgee for the real owner, who was indebted to defendant, and both the books of the bank and the certificates issued by it for the stock indicated that defendant's cashier held the stock in a representative capacity, parol evidence was admissible to show that defendant was not the real owner of the stock and was therefore not liable for an assessment levied to pay the bank's debts, on insolvency.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 459.*]

In Error to the Circuit Court of the United States for the District of South Carolina, at Greenville.

Action by William B. Williamson, as receiver, against the American Bank. Judgment for defendant, and plaintiff brings error. Affirmed.

Charles A. Moore (Cothran, Dean & Cothran, Moore & Rollins, and Jones & Williams, on the brief), for plaintiff in error.

C. F. Haynsworth (H. J. Haynesworth, on the brief), for defendant in error.

Before GOFF, Circuit Judge, and BOYD and ROSE, District Judges.

GOFF, Circuit Judge. The plaintiff below alleged that the defendant below, a corporation under the laws of South Carolina, became a stockholder in the National Bank of Asheville, a corporation under the laws of the United States, by virtue of the fact that there was standing upon the books of that bank, in the name of W. L. Gassaway, cashier, 200 shares of the capital stock of that bank, plaintiff charging that said Gassaway was the cashier of the American Bank, and that he held said shares of stock for that corporation; that the National Bank of Asheville made an assignment of all of its property to William B. Williamson for the purpose of bringing about the liquidation of said bank and the closing of its business under the terms of section 5220 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3503); that in a proceeding instituted in the Circuit Court of the United States for the Western District of North Carolina, by the United States, against the National Bank of Asheville and others, the said plaintiff was appointed receiver of said bank; that he qualified and proceeded to act as such; that said court directed the collection of 55 per centum from the several stockholders whose names appeared upon the books of that bank on December 11, 1897; that, said defendant not having paid its assessment, the court on June 1, 1900, directed the receiver to collect the same by suit; that the defendant's assessment amounted to $2,750, which sum with interest thereon plaintiff asked judgment for. The defendant below in its answer admitted that it declined to make any payment upon its alleged liability, and further admitted that the stock was listed as alleged, in the name of W. L. Gassaway, cashier, but claimed that it was held for V. E. McBee who was the real owner thereof, who having borrowed money from defendant had pledged said stock

─────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ás collateral security for such loan, which facts the answer asserted were well known to the National Bank of Asheville.

The facts disclosed by the record, material for consideration in the disposition of this writ of error, are in substance as set forth in the pleadings referred to, and concerning them there seems to be no dispute. This suit was instituted under the provisions of section 5151 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3465), relating to the individual liability of shareholders of national banks. This legislation has frequently been resorted to in cases of this character, and is therefore not without judicial interpretation. The following cases show the construction it has received, and plainly indicates the course that should be pursued in litigation relating to the liability of the stockholders of national banks: Frater, Receiver, v. Old National Bank of Providence, R. I., et al., 101 Fed. 391, 42 C. C. A. 133; Hulitt v. Ohio Valley Nat. Bank, 137 Fed. 461, 69 C. C. A. 609; Baker v. Old National Bank of Providence, R. I., et al. (C. C.) 86 Fed. 1006; Lucas v. Coe (C. C.) 86 Fed. 972; Pauly v. State Loan and Trust Co., 165 U. S. 606, 17 Sup. Ct. 465, 41 L. Ed. 844; Ohio Valley National Bank v. Hulitt, 204 U. S. 162, 27 Sup. Ct. 179, 51 L. Ed. 423; Rankin v. Fidelity Trust Co., 189 U. S. 242, 23 Sup. Ct. 553, 47 L. Ed. 792; National Bank v. Case, 99 U. S. 628, 25 L. Ed. 448.

By these cases it is clearly established that the intention of the legislation embodied in said section 5151 was to make the actual owner of the shares of stock in controversy liable for the contracts, debts, and engagements of the banking association by which such shares had been issued; that the apparent owner should not be held liable if he has not by his conduct misled or deceived the bank; that the pledgees of such stock are not to be charged with individual liability in cases where they are not registered as the owners thereof; that the true owner of the stock is the one to be charged with liability; and that, in order to find this real owner, other evidence than that shown by the books and papers of the bank can be resorted to.

That McBee was the actual owner of the shares of stock mentioned in this proceeding, during the time they were registered in the name of Gassaway, cashier, is without question; that the certificates representing said shares were held by the American Bank, as collateral security for the indebtedness of McBee to that bank, and that they were, when such indebtedness had been paid, delivered to him, was clearly shown by the evidence; that the defendant in error never claimed to own the stock, never represented it at the meetings of the stockholders of the National Bank of Asheville, and that said bank knew it was the stock of McBee, cannot be controverted.

At the close of the testimony counsel for the plaintiff below submitted to the court the following:

"The plaintiff moves to direct a verdict in its favor on the ground that the defendant, although a pledgee, appeared upon the books of the bank as the owner of the stock, and as such was liable for the assessment ordered by the court; that the issuance of the stock in the name of W. L. Gassaway, cashier, and the entry upon the stock list as W. L. Gassaway, cashier of the American Bank, Greenville, S. C., constituted the American Bank the apparent owner of

the stock, liable for the assessment, and rendered testimony of the qualified ownership of the stock inadmissible."

This motion was overruled, and such refusal is assigned as error. Had this instruction been given, the court would have told the jury to find that the defendant below appeared upon the books of the National Bank of Asheville as the apparent owner of said stock, a conclusion which in our judgment was not justified by the evidence. We think that the books of the bank and the certificates issued by it for the stock indicated to all whose attention was called to the matter that Gassaway held such stock in a representative capacity, and that it was entirely proper for either the plaintiff or the defendant to show, by other evidence than said books, what the real facts were, and who was the actual owner of the stock. The certificates, while suggestive, were not conclusive that Gassaway held the stock for the bank of which he was cashier, but were sufficient to advise all those interested in the National Bank of Asheville, of the propriety of making inquiries concerning the ownership of said stock. Had such investigation been made, it would have been disclosed that McBee was the real owner, and that the American Bank was the pledgee of such stock.

The court therefore properly rejected the insistence that the issuance of the stock in the name of the cashier of the American Bank constituted that bank the apparent owner of such stock, and was clearly right in holding that an apparent owner is not estopped from tendering testimony showing who the real owner of the stock was at the time the liability was incurred. If the assignment had been made in the proper name of the bank, and if the stock had been carried on the books of the National Bank of Asheville in the name of the American Bank, then, under the circumstances disclosed in the record, even though the stock had been held as collateral security, the American Bank would have been liable for the assessment. As we see the facts to be, the American Bank was at no time vested with the legal title to the McBee stock, never permitted its name to appear upon the books of the National Bank of Asheville as the owner thereof, never held itself out to the public as such owner, and never so acted as to prevent it from showing that it was not the true owner of the stock, but was only a pledgee.

In Pauly v. State Loan and Trust Co., supra, Mr. Justice Harlan said:

"And let it be observed, the liability upon shareholders is to the extent of the amount of their stock at the par value, in addition to the amount invested in such shares. The word 'invested' plainly has reference to those who originally or by subsequent purchase became the real owners of the stock, and cannot refer to those who never invested money in the shares, but only received the certificates of stock, or it may be the legal title thereto, as collateral security for debts or obligations already or to be contracted.

"The effort of the court in these cases should be to ascertain who is the actual owner of the shares, and to hold him, releasing the apparent owner in all cases where he has done nothing to mislead or deceive the bank. In arriving at the true ownership, the court is permitted to look beyond the books and papers, and establish the truth by extrinsic evidence."

Construing the statute as the Supreme Court has told us we should, and applying to that construction the facts as we have found them to

be, it is beyond question that the court below did not err in its directions to the jury, and that the assignments of error are not well founded. The judgment complained of is without error.

Affirmed.