BUCHLER v. BLACK et al.

(District Court, W. D. Washington, N. D.   June 24, 1913.)

No. 2,112.

RECEIVERS (§ 139*)—SALE—VACATION—LACHES.

  The property of a corporation was sold by a receiver on March 20, 1909, and the sale confirmed April 5th following.   On March 26, 1912, complainant, a stockholder, sued in equity to set aside the sale, which had been made to two persons, who had been trustees of the company; one being its manager and the other its attorney.   The bill alleged that defendants had conspired with another to secure the property of the corporation; that they had caused the books and records of the corporation to be removed from the state, and had procured the sale of the corporation's property by inducing suits on fraudulent claims, etc., praying that they might be decreed trustees of the property for the corporation, its stockholders, and creditors.   Held, that the bill was not demurrable for laches, since a federal court sitting in equity will determine the question of laches according to the circumstances of each case rather than by following the statute of limitations of the state.

  [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 243, 244; Dec. Dig. § 139.*]

In Equity. Suit by G. J. Buchler against W. W. Black and others On demurrer to bill.   Overruled.

George H. Walker, of Seattle, Wash., and O. C. Moore, of Spokane, Wash., for complainant.

J. A. Coleman and Lloyd L. Black, both of Everett, Wash., for defendant Black.

CUSHMAN, District Judge.   The defendants have demurred to the bill of complaint on the ground that the cause is barred by the two-year statute of limitations of the state of Washington, covering all actions for relief not otherwise provided for therein.

This is a suit by a stockholder, seeking to set aside a receiver's sale of the defendant company's property to the defendants Black and Bell, who were trustees of the company; the former also being its manager and the latter its attorney.   It is further sought to have such defendants decreed trustees, holding the property for the benefit of the corporation, its stockholders, and creditors.   An accounting, a receiver, and injunctive relief are also asked.

These two defendants are charged with conspiring with a co-conspirator, now deceased, and with causing all of the books and records

of the company to be removed from the state of Washington and kept permanently out of the state, thereby preventing the other stockholders from learning of the condition and transactions of the company. They are further charged with having caused promissory notes, amounting to upwards of $29,000, to be given, without consideration of any kind, to the wife of such co-conspirator, and causing to be executed for their security two mortgages on all the property of the company.

It is further alleged that, through fraudulent and collusive suits, judgments for upwards of $49,000, on account of such notes and other groundless claims, were obtained by the defendant Bell against the company, a receiver of its property appointed, and a further claim, for which there was no consideration, was collusively allowed in such receivership to one of defendants (Black), amounting to upwards of $10,000; that in these suits and proceedings there was no real contest, the litigation being entirely controlled by the defendants Black and Bell. The property of the defendant company, alleged to be of the value of upwards of $40,000, was sold March 20, 1909. The sale was confirmed April 5, 1909, and the present suit begun in this court March 26, 1912.

Complainant cites the following authorities: Michoud v. Girod, 4 How. 504, 561, 11 L. Ed. 1076, 1102; Sullivan v. Portland, etc., R. Co., 94 U. S. 806, 24 L. Ed. 324; Stearns v. Page, 7 How. 819, 829, 12 L. Ed. 928, 932; Goddin v. Kimmell, 99 U. S. 202, 25 L. Ed. 431; Payne v. Hook, 74 U. S. 430, 19 L. Ed. 261; Kirby v. Lake Shore & Michigan So., 120 U. S. 130, 7 Sup. Ct. 430, 30 L. Ed. 569, 572; Stevens v. Grand Central Min. Co., 133 Fed. 28, 67 C, C. A. 284; Burns v. Cooper, 140 Fed. 279, 72 C. C. A. 25; Davis v. Louisville Trust Co., 181 Fed. 22, 104 C. C. A. 24, 30 L. R. A. (N. S.) 1011; Spokane Co. v. Prescott, 19 Wash. 418, 53 Pac. 661, 67 Am. St. Rep. 733; Skagit Co. v. American Bond Co., 59 Wash. 1, 109 Pac. 197; Dickman v. Strobach, 26 Wash. 558, 67 Pac. 224; Parks v. Satterthwaite, 132 Ind. 411, 32 N. E. 82; 15 Encyc. of Law, 1124; 19 Encyc. of Law, 162; 39 Cyc. 168; 25 Cyc. 1158; 15 Am. & Eng. Encyc. Law, 1206; Snare & Triest Co. v. Friedman, 188 Fed. 300, 110 C. C. A. 278, 40 L. R. A. (N. S.) 380, 423.

Defendant relies upon the following authorities: McClaine v. Rankin, 197 U. S. 154, 25 Sup. Ct. 410, 49 L. Ed. 702, 3 Ann. Cas. 500; Beaubien v. Beaubien, 23 How. 190, 16 L. Ed. 484; Speidel v. Henrici, 120 U. S. 377, 7 Sup. Ct. 610, 30 L. Ed. 718; Missouri Sav. & Loan Co. v. Rice, 84 Fed. 131, 28 C. C. A. 305; Aldrich v. Skinner (C. C.) 98 Fed. 378; Aldrich v. McClaine (C. C.) 98 Fed. 378; Merrill v. Town of Monticello (C. C.) 66 Fed. 165; Hayden v. Thompson, 71 Fed. 60, 17 C. C. A. 592; Cooper v. Hill, 94 Fed. 582, 36 C. C. A. 402; Hayman v. Keally et al., Fed. Cas. No. 6,265; Kenney v. Parks, 137 Cal. 527, 70 Pac. 556, 557; Wagner v. Law, 3 Wash. 517, 28 Pac. 1109, 29 Pac. 927, 15 L. R. A. 784, 28 Am. St. Rep. 56; French v. Woodruff, 25 Colo. 339, 54 Pac. 1017; Farris v. Wirt, 16 Colo. App. 1, 63 Pac. 946; Chapman v. Bank of California, 97 Cal. 155, 31 Pac. 896; Hecht v. Slaney, 72 Cal. 363, 14 Pac. 88; Nougues v. Newlands

et al., 118 Cal. 102, 50 Pac. 386; Piller v. So. Pac. R. R., 52 Cal. 42; Suter v. Wenatchee Water Power Co., 35 Wash. 1, 76 Pac. 298, 102 Am. St. Rep. 881; 25 Cyc. 1155, 1156, 1183.

The statute of limitations of the state of Washington provides:

"Sec. 155. Actions can only be commenced within the period herein prescribed. * * *

"Sec. 159. Within three years: * * * 3. An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument. 4. An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud.

"Sec. 165. Within two years: Actions for relief, not otherwise provided for. An action for relief not hereinbefore provided for shall be commenced within two years after the cause of action shall have accrued."

Rem. & Bal. Code.

The federal court, in an equity suit of this character, for fraud, concealment, and to establish such a trust, will be controlled by the circumstances of each case, as disclosing whether or not the claim asserted is stale, or should be denied on account of the laches of those asserting it, rather than follow, by analogy, the unyielding statute of limitations. This is abundantly shown by the federal decisions set out in the briefs.

The demurrer is overruled.